UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 17 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| BILLY JACK JOHNSON,<br>Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. ~~B-01-024~~ |
| | ) B-01-184 |
| CAMERON COUNTY, TEXAS,<br>KEVIN CROSSLEY, INDIVIDUALLY,<br>and LT. VILLAREAL, INDIVIDUALLY,<br>Defendants. | )<br>)<br>)<br>) |

## ORIGINAL ANSWER

For answer to Plaintiff's Complaint Defendants state:

1. Paragraph I and its sub parts have been checked "no" or "n/a" and require no response.

2. Concerning Paragraph II, Defendants admit that Plaintiff was an inmate incarcerated in the Cameron County Jail, 954 E. Harrison, Brownsville, Tx 78520, but deny the occurrence of any event involving Plaintiff that would be a civil rights complaint against Defendants.

3. Admit Paragraph II(A) that Cameron County Jail at all times relevant to this complaint had an inmate grievance procedure and had a procedure for inmates to submit written requests on Inmate Request Forms. Plaintiff filed numerous Inmate Request Forms while in the jail, but used neither grievance nor request concerning his cell assignment to cell 2BL on August 3rd

4. Admit so much of Paragraph II(B) that Plaintiff was not an inmate in at state prison at the time relevant to his complaint  For this reason the "state prisoner grievance" may not be applicable.

5 Deny that Paragraph II(C) is "n/a"  Plaintiff was reassigned to cell 2BL on August 3rd. The incident he places at issue in this complaint occurred on August 13th. During this period

1

Plaintiff did not take any steps to file a grievance or initiate a request. Plaintiff did not file or utilize the Cameron County Jail grievance procedure or use an Inmate Request Form concerning his classification or cell assignment.

6      Deny that there was no remedy. Prior to the incident at issue in this Complaint the available remedy was reclassification. After the August 13, 2001, Code 3 (cell fight), without a grievance or request, Plaintiff was seen by medical staff and placed in a holding cell pending reclassification.

7      Admit that II(E) & (F) are not applicable.

8      Admit Paragraph III, except the Cameron County Jail is a non entity

9      Paragraph IV is a narration and will be answered by sentence (see, attached page 4 of Complaint with annotated sentence numbers) as follows:

    9.1    Admit so much of first sentence that Plaintiff was in cell BS6 on July 27 (see attached Inmate Cell History/Movement Report) and that he was in cell 2BL from August 3rd to 13th, the date of the incident at issue in this Complaint. Deny that he was placed there by Kevin Crossley

    9.2    Admit second sentence

    9.3    Deny the third, fourth, sixth, seventh, eighth, ninth and tenth sentences.

    9.4    Admit so much of sentence five that Plaintiff was "punched in a cell fight on August 13, 2001 Deny the balance of sentence five (See, attached Incident Report.)

10     Deny paragraph V.

11     Any allegation made within any part of the Plaintiff's Original Petition not otherwise

specifically responded to is specifically or generally denied Defendants still urge and rely on matters alleged without waving any other matter asserted herein further allege as affirmative defenses the following:

12. The principle of respondeat superior or vicarious liability is inapplicable to actions brought under 42 U.S.C.A. Section 1983 and any allegedly improper actions of individual Defendants or others not named cannot be vicariously attributed to supervisors or to Cameron County, Texas.

13. The conduct complained of in Plaintiff's Complaint, if any such conduct occurred, was not the official policy or custom of Cameron County; therefore, Cameron County is immune from liability under 42 U.S.C. Section 1983, et seq.

14. Plaintiff's rights, privileges, and immunity secured under the Constitution or laws of the United States, have not been violated by any action of defendants.

15. Plaintiff cannot recover directly or indirectly from Cameron County because of the Doctrine of Sovereign Immunity.

16. Defendants engaged in no conduct which would violate clearly established statutory or constitutional rights, and, therefore, is protected from individual liability under the doctrine of qualified immunity.

17. Plaintiff cannot recover from Defendants as individuals because these Defendants, at all material times, were acting in their official capacity, in good faith, and exercising a discretionary duty. County is not liable to Plaintiff because the individual county defendants are entitled to qualified immunity.

18. Plaintiff cannot recover punitive damages against Cameron County, Texas, under any cause of action alleged in Plaintiff's Original Petition.

3

19. Plaintiff cannot recover under Section 1983 because neither Plaintiff's procedural nor substantive due process was violated by Defendants.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that on final trial, that Plaintiff take nothing by his suit and that they recover all cost incurred herein and that they have such other and further relief, at law or in equity, to which they may show themselves justly entitled

Respectfully submitted,

Commissioners Court
Civil Legal Department
964 East Harrison Street
Brownsville, Texas 78578
(956) 550 1345
(956) 550 1348 (Facsimile)

BY: _____
Richard O. Burst
Attorney In Charge
Texas State Bar #00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786515
S.D. No 17065

## CERTIFICATE OF SERVICE

I, Richard O. Burst do hereby certify that a true and correct copy of the foregoing _____ has been mailed to the following on this /7 day of December, 2001 by certified mail return receipt requested:

Billy Jack Johnson, No. 54541
Cameron County Jail
954 E Harrison
Brownsville, Texas 78520

4

_____
Richard O. Burst

Additional space for "Statement of Claim": (1) On or about July 27, 2001 I was housed in Detention Center 1 of Cameron County Jail. For no reason given I was transferred to 2nd floor of the Cameron Co. Jail by classification officer Kevin Crossely (2) The 2nd floor is basically used for diciplinary purposes (3) I explain at this point in time to LT. Villareal and Kevin Crossely that if I was moved to the second floor I would be assualted by gang members (4) After being moved to the second floor I was given a note by an officer of the jail, officer Martinez, that told me to "watch my back" (5) Three days later I was assualted by 5 known gang members (6) This assualt could have been prevented CC-Sail officials had "prior warning" ~~knowledge~~ knowledge (7) This was Diliberate indifference (or personal injury) to a life threating situation (8) After the assualt I was informed by the classification officer that I was put on the second floor of CC-Sail because the jail had no other place to house ~~me~~ or detain me.

- I stressed the seriousness of the situation to these officers
- I also stressed that my situation was life threating

V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

1. That Defendants be cited and ordered to answere;
2. Compensatory damages in the amount of $750,000;
3. Examplary damages to be determined by jury;
4. And any and all such other relcif that this plaintiff may be entitled to as a matter of law.

VI. VERIFICATION (Must be provided by each plaintiff.)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  9-21-2001  
(date)

Billy Jack Johnson  
(Signature of Plaintiff)

4

# INMATE CELL HISTORY/MOVEMENT REPORT
## CAMERON COUNTY SHERIFF'S DEPARTMENT

BOOKING NO : **2001020088**　　　　I.D. Number : **054591**

INMATE NAME : **JOHNSON, BILLY JACK**

DATE/TIME BOOKED : **02/04/2001　09:30**

OFFENSE : **THEFT / CREDIT CARD ABUSE / PAROLE VIOLATOR**

| POD/CELL | BUNK | DATE/TIME IN | ASSIGNED BY | DATE/TIME OUT | MOVED BY/MOVEMENT REASON |
|---|---|---|---|---|---|
| INF | | 08/14/2001 09:36 | ROSCIO RODRIGUEZ / | 09/26/2001 05:36 | RICARDO BOLIVAR / BOOKING RELEASED FROM CUSTODY |
| D1H | | 08/13/2001 12:40 | ROSCIO RODRIGUEZ / | 08/14/2001 09:36 | ROSCIO RODRIGUEZ / BOOKING AP/ KEVIN CROSSLEY |
| 2BL | | 08/03/2001 12:16 | ALEJANDRO GONZALEZ / | 08/13/2001 12:40 | ROSCIO RODRIGUEZ / BOOKING INMATE RECLASS |
| BS6 | | 07/24/2001 12:58 | ALEJANDRO GONZALEZ / | 08/03/2001 12:16 | ALEJANDRO GONZALEZ / DETENTION TOT COUNTY JAIL AS PER LT.GEORGE |
| CS1 | | 07/22/2001 14:52 | SYLVIA SANTILLANA / | 07/24/2001 12:58 | ALEJANDRO GONZALEZ / DETENTION RECLASSIFIED |
| E-4 | | 07/03/2001 09:35 | DC1 SERGEANT / JANIE | 07/22/2001 14:52 | SYLVIA SANTILLANA / BOOKING AS PER LT. M GARCIA |
| BS3 | | 06/14/2001 13:36 | CORPORAL/CLASS / | 07/03/2001 09:35 | DC1 SERGEANT / JANIE TREVINO RECLASS AP ALEX GARCIA |
| 2BL | | 05/25/2001 09:43 | COUNTY JAIL | 06/14/2001 13:36 | CORPORAL/CLASS. / KEVIN CROSSL RECLASSIFIED AS PER DISCIPLINARY |
| 3BR | | 03/07/2001 14:35 | COUNTY JAIL MATRON / | 05/25/2001 09:43 | COUNTY JAIL DISCIPLINARY / ALE LOCK UP 20 DAYS FIGHT |
| 3BL | | 02/26/2001 14:14 | DC2 LIEUTENANT / | 03/07/2001 14:35 | COUNTY JAIL MATRON / CRIS MALD NEW CELL |
| D-3 | | 02/05/2001 19:20 | SGT LUIS MENDIETA C/J | 02/26/2001 14:14 | DC2 LIEUTENANT / GEORGE L. GAR RECLASS DUE TO PAST HISTORY |

# CAMERON COUNTY SHERIFFS DEPARTMENT
## INMATE INCIDENT REPORT

**INSTRUCTIONS:** Fill in all spaces provided, if not applicable, show N/A

INMATES NAME: Johnson Billy Jack     I.D. # 054591     UNIT: 2BR

INCIDENT(S) REPORTED: 1) Code #3
2) _____

LOCATION OF INCIDENT: County Jail Recreation
DATE OF INCIDENT: 08-13-01     TIME OF INCIDENT: 8:45 AM

ADDITIONAL INMATES INVOLVED: (Give NAME, I.D. # and UNIT)
1) Ramirez Juan Pablo 063643     2) _____
3) Perez Samuel 024511     4) Johnson Billy Jack 054591

OFFICERS INVOLVED: Guadalupe Castillo
REPORTING OFFICER: G. Castillo
SHIFT & DAYS OFF: Sat. Sun.
DATE OF REPORT: 08-13-01     TIME OF REPORT: 905 AM

## SYNOPSIS OF INCIDENT(S)

On above date and approximately 8:45 AM inmate mention above 2BR Johnson Billy Jack was involved on Code #3. A Code #3 was called. 2 Inmates 2BL Perez Samuel and 2BL Ramirez Juan Pablo were punching inmate mention above 2BR Johnson Billy Jack. Officer's Juan Rodriguez, Jerry Sanchez and Sergeant F. Silva responded to the code. Both inmates that were punching mention above inmate Billy Jack were placed back in their single cell for there own protection. Inmate 2BR Billy Jack was taken direct to the holding cell by Officer Alex Garcia.

## SHIFT SUPERVISOR'S RECOMMENDATION:

No Action Taken ( )     Written Reprimand ( )     Disciplinary Board Process (X)
Refer to Lieutenants Office     Other _____

COMMENTS: A disciplinary review was conducted on inmate _____ seen by Medical Staff, and placed in LHC pending _____. Inmate _____ did not want to give a reason for incident.

DATE 8-13-2001     TIME OF REVIEW 10:30 PM     X Sgt. Felipe Silva
Shift Supervisor's Signature

## LIEUTENANTS ACTION TAKEN:

No Action Taken (X)     Reprimand Issued ( )     Disciplinary Board Process ( )
COMMENTS: _____

DATE 8-14-01     TIME OF REVIEW 8:33 am     Txo Yudo Gutierrez
Lieutenants Signature